**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | **) Bankruptcy No. 14-23154-CMB** |
| | **)** |
| FRANCIS M. MACHI, JR., a/k/a | **) Chapter** 11 |
| FRANK M. MACHI, JR. | **)** |
| | **) Document No. _____** |
| **Debtor(s).** | **)** |

_____

**CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 11, 2017**

_____

**Jeffrey J. Sikirica, Esquire**
**Blumling & Gusky, LLP**
**PA ID # 36745**
**436 7th Avenue**
**1200 Koppers Building**
**Pittsburgh, PA 15219**
**DATED:  September 11, 2017**          **(412) 227-2581**

1

## <u>TABLE OF CONTENTS</u>

1.  Definitions .......................................................................................................... Page 3

2.  Classification of Claims and Equity
       Interests into Classes ..................................................................... Page 7

3.  Designation of Classes ........................................................................... Page 7

4.  Impairment ................................................................................................ Page 11

5.  Implementation of the Plan ..................................................................... Page 12

6.  Provisions for Claims and Equity
       Security Interests Generally ........................................................... Page 13

7.  Treatment under the Plan and
       Provision for Payment ...................................................................... Page 14

8.  Retention of Jurisdiction ....................................................................... Page 18

9.  General Provisions ................................................................................ Page 19

10.  Amendment ............................................................................................ Page 19

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 05-23954 TPA |
| | ) |
| FRANCIS M. MACHI, JR., a/k/a | ) **Chapter** 11 |
| FRANK M. MACHI, JR. | ) |
| | ) **Document No. _____** |
| **Debtor(s).** | ) |

## CHAPTER 11 PLAN OF REORGANIZATION

Jeffrey Sikirica, Chapter 11 Trustee, proposes the following Plan of Reorganization ("Plan") pursuant to §1121(b) and (c) of the Bankruptcy Code ("Code"), 11 U.S.C. §1121(b) and (d).

## ARTICLE 1 - DEFINITIONS

For purposes of this Plan, except as otherwise expressly provided herein or unless the context otherwise requires, the following capitalized terms shall have the meaning set forth below:

1.1    ***Adequate Protection Payments*** shall mean the payments made between the filing date and the confirmation date by **Francis M. Machi, Jr.** in respect to secured claims.

1.2    ***Administrative Claims*** shall mean the costs and expenses of administration of this Chapter 11 case allowed under §503 (b) and entitled to priority under §507 (a) (1) of the Code.

1.3    ***Allowed Claim*** shall mean a claim against the Debtor to the extent.

    **a.**    A proof of such claim was:

        **(1)**    Timely filed; or

        **(2)**    Deemed filed pursuant to § 1111 (a) of the Bankruptcy Code; or

        **(3)**    Filed late with leave of the Bankruptcy Court after notice and opportunity for hearing given to the Debtor's counsel; and

    **b.**    **(1)**    Which is not a Disputed Claim; or

        **(2)**    Which is allowed (and only to the extent allowed) by a Final Order, after objection, if any, and hearing; and

3

      c.    (1)    With respect to any professionals seeking compensation in connection with this case, when said compensation has been allowed by Order of the Bankruptcy Court after notice and hearing as provided in the Bankruptcy Code.

**1.4**    *Litigation* shall mean actions in the United States District Court or Bankruptcy Court for the Western District of Pennsylvania and any other court of federal or state jurisdiction with any caption including the Debtor and any action involving the Debtors in any court of competent jurisdiction whether or not they are pending at the time this Plan is filed.

**1.5**    *Bankruptcy Court* shall mean that unit of the United States District Court for the Western District of Pennsylvania known as the United States Bankruptcy Court for the Western District of Pennsylvania located at 54th Floor, USX Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219 or any Court having jurisdiction to hear and determine appeals there from.

**1.6**    *Business Day* shall mean between 9:00 a.m. and 5:00 p.m. local Pittsburgh time on every day, except Saturdays, Sundays and national holidays.

**1.7**    *Claim* shall have the meaning set forth in §101(4) of the Bankruptcy Code.

**1.8**    *Class* shall mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. §1122 of the Code and as defined in the context of this Plan.

**1.9**    *Collateral* shall mean any property in which the Debtor has an interest and which secures an allowed claim.

**1.10**    *Confirmation Date* shall mean the date when the Clerk of the Bankruptcy Court shall have entered the Confirmation Order on the docket.

**1.11**    *Confirmation Order* shall mean the Order entered by the Bankruptcy Court confirming the Plan pursuant to 1129 of the Bankruptcy Code.

**1.12**    *Creditor* shall mean any person having a claim against the Debtor that arose on or before the filing date or a claim against the Debtor's estate of a kind specified in §502(g) (h) or (i) of the Bankruptcy Code.

**1.13**    *Disbursing Agent* shall mean Jeffrey Sikirica, the Chapter 11 Trustee or his designee.

**1.14**    *Disclosure Statement* shall mean the Disclosure Statement of the Debtor, dated **September 11,**

4

**2017**, filed with and approved by the Court pursuant to §1125 of the Bankruptcy Code.

      **1.15** *Disputed Claims* shall mean alleged claims against or equity interests in the Debtor listed as disputed, contingent or unliquidated on the Debtor's schedules or amended schedules for which a timely proof of claim is filed, or to which an objection has been timely filed within thirty (30) days after the confirmation date by a party in interest and which objection is not the subject of a Final Order or has not been withdrawn.

      **1.16** *Distribution Date and Effective Date of Plan* shall mean that each allowed claim which is to receive cash under the Plan, either (a) the ninety-first (91st) business day after the Confirmation Order becomes a Final Order. On or before this date, the first distribution will occur to undisputed, allowed secured and priority claims from the sale of the business assets; or (b) if a claim is not allowed by the prior date, the sixtieth (60th) business day after the date on which a disputed claim is finally adjudicated and no further appeal can be taken.

      **1.17** *Exemption Rights of the Debtors* shall mean all rights of the Debtors under 11 USC 522 (C) and (D) as claimed by the Debtors in the Bankruptcy Schedule C and any amendments thereto, which have been allowed in accordance with the Bankruptcy Rules.

      **1.18** *Interim Financing* shall mean any loan, which is approved by the Bankruptcy Court under 11 U.S.C. § 364 and funded prior to the plan effective date.

      **1.19** *Filing Date* shall mean **August 7, 2014**, the date on which **Francis M. Machi, Jr.** filed his petition for reorganization with the Bankruptcy Court.

      **1.20** *Final Order* shall mean an Order, judgment or decree of the Bankruptcy Court as to which **(a)** any appeal that has been timely taken, has been finally determined or dismissed; **(b)** the time for appeal has expired and no appeal has been timely taken in accordance with Rule 8002 of the Rules of Bankruptcy Procedure and any applicable local procedural rule; or **(c)** an appeal has been timely taken, but such Order has not been stayed by appropriate cash bond or equivalent under Rule 8005 of the Rules of Bankruptcy Procedure.

      **1.21** *Fiscal Quarter* shall mean a three-month period ending on the last day of March, June, September, or December as the appropriate case may be.

      **1.22** *Plan* shall mean this Plan of Reorganization, dated **September 11, 2017**, as the same may be amended or modified from time to time in accordance with the provisions of this Plan and §1127 of the Code, all

5

addenda, exhibits, schedules, releases and other attachments hereto, all of which are incorporated herein by reference as though fully set forth herein.

**1.23**    *Priority Claim* shall mean any claim entitled to priority pursuant to Section 507(a) (1) [Administrative] of the Code to the extent it is an allowed claim; except for priority tax claims.

**1.24**    *Priority Tax Claim* shall mean any claim entitled to priority pursuant to §507(a) (8) of the Code to the extent it is an allowed claim.

**1.25**    *Tax Attributes* shall mean any right or claim for creditors that the Debtor has as of the date of confirmation of the Plan.

**1.26**    *Schedules* shall mean the schedules of assets and liabilities filed by Francis M. Machi, Jr. with the Bankruptcy Court as required by 521 of the Code, and any amendments thereto as allowed by the Bankruptcy Court.

**1.27**    *Secured Claim* shall mean an allowed claim in respect to which a security interest is held in or against any property of the Debtor's estate, to the extent of the value of such creditor's interest in the estate's interest in such property; and to the extent the claim is perfected against a trustee under 11 U.S.C. § 544. If the value of such creditor's interest is less than the amount of the allowed claim held by it, then such creditor shall hold an unsecured claim for the deficiency amount; if the creditor's claimed security is not perfected it will have an unsecured claim; but only to the extent the creditor has filed a claim.

**1.28**    *Secured Creditor* shall mean any person, which holds a perfected secured claim.

**1.29**    *Security Interest* shall mean a lien; as such term is defined in Section 101(37) of the Code on any of the property of the Debtors' estate.

**1.30**    *Unsecured Claim* shall mean any claim other than an administrative claim; secured claim or a priority claim, to the extent it is an allowed claim.

**1.31**    *Gender and Number* when used herein, words importing any gender may be applied to and include all persons; words importing the plural number may be applied To and mean a single person or thing, and words importing the singular number may be applied to and mean more than single person or thing.

**1.32**    *General Rule of Interpretation* unless otherwise defined herein, all terms used in this Plan shall

have the meanings set forth in the Bankruptcy Code.

## ARTICLE 2 - CLASSIFICATION OF CLAIMS AND INTERESTS INTO CLASSES

**2.1**   Class 1 - Administrative Claims                                  **(Unimpaired)**

**2.2**   Class 2 - Leases with Current Tenants                            **(Unimpaired)**

**2.3**   Class 3 - Select Portfolio Servicing, Inc. as servicer for Wells Fargo Bank,
           N.A., as Trustee for the certificate holders of Asset-Backed- Pass-Through
           Certificates, Series 2005-WCW3                              **(Unimpaired)**

**2.4**   Class 4 - Specialized Loan Servicing LLC as servicer for U.S. Bank National
           Association, as Trustee for Terwin Mortgage Trust 2005-10HE,
           Asset-Backed Certificates, Series 2005-10HE                   **(Impaired)**

**2.5**   Class 5 - Erin P. Dyer, individually, Dyer Law Firm, P.C. and 6350 Waldron Street, LLC
           (the "Dyer Group")                                          **(Unimpaired)**

**2.6**   Class 6 - Select Portfolio Servicing, Inc. as servicer for DJL Mortgage Capital, Inc.
                                                                          **(Impaired)**

**2.7**   Class 7 - Ocwen Loan Serving                                     **(Unimpaired)**

**2.8**   Class 8 - Ocwen Loan Serving                                     **(Unimpaired)**

**2.9**   Class 9 - Jennifer Mariani                                       **(Unimpaired)**

**2.10**  Class 10 - Mark Machi                                            **(Impaired)**

**2.11**  Class 11 - City of Pittsburgh                                    **(Impaired)**

**2.12**  Class 12 - Secured and Priority Tax Claims                       **(Impaired)**

**2.13**  Class 13 - Real Estate Tax Claims                               **(Impaired)**

**2.14**  Class 14 - Debtor's Exemptions                                   **(Impaired)**

**2.15**  Class 15 - Claims of General Unsecured Creditors                 **(Impaired)**

## ARTICLE 3 - DESIGNATION OF CLASSES

**3.1**   **Class 1** shall consist of fees to the U.S. Trustee; the Clerk of Courts and any court approved

professional's fees, which are entitled to priority, under 11 U.S.C. § 507 (a)(1). These shall include the following:

7

(a)    Chapter 11 Trustee and the Attorney for the Chapter 11 Trustee, Jeffrey J. Sikirica and Blumling & Gusky, LLP for their legal fees and expenses rendered during the Chapter 11 case;

(b)    Attorney for the Debtor, Calaiaro Valencik for its legal fees and expenses rendered during the Chapter 11 case; and

(c)    Accountant for the Debtor, Brian Thompson and Barnes Corporation for his legal fees rendered during the Chapter 11 case; and

(d)    This Class shall also include administrative expenses incurred during the Administration, including the following:

    (1)    Internal Revenue Service, if any;

    (2)    PA Department of Revenue and PA Department of Labor & Industry, if any;

    (3)    Claims for any unpaid ongoing expenses accrued during the course of the Debtor's operation, if any;

    (4)    All U.S. Trustee's fees and Clerk of Bankruptcy Court charges; and

(e)    All professional fees are subject to the Bankruptcy Court's approval under §330(a) (1) of the Bankruptcy Code and Bankruptcy Rule 2106(a); and only to the extent professionals preserved the estate.

    **3.2**    **Class 2** shall consist of the Leases with current tenants.  The leases with current tenants will be assumed.

    **3.3**    **Class 3** shall consist of **Select Portfolio Servicing, Inc. as servicer for Wells Fargo Bank, N.A.. as Trustee for the certificate holders of Asset-Backed-Pass Through Certificates, Series 2005-WCW3** is the holder of a first mortgage on **3823 Mintwood Street, Pittsburgh, PA  15224** in the amount of $92,227.64.  It shall remain unimpaired by this plan.  The debtor will make the regular payments under the loan according to Proof of Claim #8 filed by the Creditor.  This loan shall be paid at 2% interest according to Proof of Claim #8.  Proof of Claim #8 states that the Debtor is current on his obligations under this loan as of January 1, 2015.  In the event that there are any arrears on this obligation, the Debtor will cure arrearage over sixty months with the arrearage payments beginning on the Plan Effective Date.  Confirmation of this Plan shall be an adjudication that this loan is current, in the event that the Proof of Claim #8 is not amended to show the arrearage on this account.  This is the residence of the Debtor.

8

**3.4**    **Class 4** shall consist of **Specialized Loan Servicing LLC as servicer for U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-10HE, Asset-Backed Certificates, Series 2005-10HE** is the holder of a first mortgage on **3825 Mintwood St, Pittsburgh, Pennsylvania 15224**. This mortgage will be modified by the Debtor's Plan. The adequate protection payments of $644.25 will continue until the Debtor refinances his loan with his current mortgage holder or another financial institution.

**3.5**    **Class 5** shall consist **Erin P. Dyer, individually, Dyer Law Firm, P.C. and 6350 Waldron Street, LLC (the "Dyer Group")**. The Dyer Group has claims and is the holder of a first mortgage on 4605 Carlton Street, Pittsburgh PA 15201 and a Mortgage on 5164 Butler Street, Pittsburgh, PA 15201. The claims and mortgages of the Dyer Group have been satisfied pursuant to a Settlement Tem Sheet dated March 20, 2017 and approved by Order of Court with addition provision dated July 28, 2017 and closing on said settlement on September 7, 2017. This claim shall remain unimpaired by this plan.

**3.6**    **Class 6** shall consist of **Select Portfolio Servicing, Inc. as servicer for DLJ Mortgage Capital, Inc.** They are the holder of a first mortgage on **357 Cool Springs Street, Uniontown, PA 15401**. This claim will be modified by the Debtor's Plan. The Debtor will pay the lump sum of Five Thousand Dollars ($5,000.00) as satisfaction in full of this claim.

**3.7**    **Class 7** shall consist of **OCWEN Loan Servicing**. It was the holder of a first mortgage on **5216 Natrona Way, Pittsburgh, PA 15201**. This mortgage was satisfied and paid in full upon the closing of the sale of 5216 Natrona Way on January 9, 2017. This claim shall remain unimpaired by this plan.

**3.8**    **Class 8** shall consist of **OCWEN Loan Servicing**. It was the holder of a first mortgage on **3810 Howley Street, Pittsburgh, PA 15201**. This mortgage was satisfied and paid in full upon the sale of 3810 Howley Street on January 13, 2017. This claim shall remain unimpaired by this plan.

**3.9**    **Class 9** shall consist of **Jennifer Mariani**. She was the holder of a land installment contract in the nature of a mortgage on **4308 Main Street, Pittsburgh, PA 15224**. This land contract was satisfied and paid in full upon the closing of the sale of 4308 Main Street on November 10, 2016. This claim shall remain unimpaired by this plan.

**3.10**    **Class 10** shall consist of **Mark A. Machi**. He is the holder of two mortgages on

9

4735 Liberty Avenue, Pittsburgh, PA 15224 in the original amount of $10,000.00 and 5164 Butler Street,

Pittsburgh, PA 15201 in the original amount of $40,000.00. Pursuant to an order of Court approving a Settlement

Agreement on March 9, 2016, the Debtor will pay the sum of $16,000.00 calculated over 8 years at 3% post-

confirmation fixed interest in equal monthly payments. When the property at 5164 Butler Street is sold, Mark A.

Machi will be paid his remaining balance in lieu of continued monthly payments.

**3.11**    **Class 11** shall consist of the **City of Pittsburgh**.  It filed on June 4, 2008 a request for an In Rem

Judgement Lien against 5164 Butler Street, Pittsburgh, PA to recover costs for the demolition of an office building

on the property in the amount of $28,000.00. In additional a complaint was filed for a judgment against the Debtor

individually.  This claim is disputed as it appears no further action or orders were entered after the filing.  To the

extent any portion of the claim is determined to be valid it will be paid upon the sale of 5614 Butler Street.

**3.12**    **Class 12** shall consist of **Secured and Priority Tax Claims** assessed against Debtor which were

incurred prior to August 3, 2014. Participation in Class 6 shall be limited to taxes which are defined as secured

claims or as priority claims in 11 U.S.C. Section 507(a) (7) (A) and (C) and this class shall include the following

participants:

| | | | |
|---|---|---|---|
| A) | Internal Revenue Service (Claim 10-2) | $ | 0.00 |
| B) | PA Dept of Revenue (Claim 1-1) | $ | 622.82 |
| | TOTAL | $ | 622.82 |

**3.13**    **Class 13** shall consist of **Real Estate Tax Claims** assessed against Debtor which were incurred

prior to August 3, 2014. Participation in this class shall be paid in full over 5 years with interest.  This class shall

include the following:

| | | | |
|---|---|---|---|
| A) | Allegheny County | | |
| | 5164 Butler Street (2013-2016) | $ | 2,778.70 |
| | 4735 Liberty Avenue (2013-2016) | $ | 3,224.20 |
| | Colbalt Street (2014-2016) | $ | 252.21 |
| B) | City & School District of Pittsburgh | | |
| | 5164 Butler Street (2013-2016) | $ | 8,456.12 |

10

| | | |
|---|---|---|
| 4735 Liberty Avenue (2013-2016) | $ | 9,830.93 |
| Colbalt Street (2014-2016) | $ | 328.37 |
| | | |
| TOTAL | $ | 24,970.53 |

3.14     **Class 14** shall consist of **Debtor's Exemption Rights**.  The Class 14 exemption rights will be retained but **Francis M. Machi, Jr.** will defer any payment(s) for exemptions, which they may be entitled, to help fund this plan. In the event this case is converted or if the plan is not confirmed, the exemption rights of the Debtors will not be modified. The exemptions **Francis M. Machi, Jr.** claimed on Schedule C and any amended Schedule C has been allowed under operation of law and the Bankruptcy Rules. All of the assets retained by the Debtors are exempt.

3.15     **Class 15** shall consist of **General Unsecured Claims** who had an allowed claim against the Debtors as of **August 7, 2014**; but shall not include any creditor which has a pre-petition claim against the Debtor which is an entity or person that is controlled in whole or in part by any principal of the Debtor, officer of the Debtor, director of the Debtor, or any entity in which any one of the above is in a partnership with any principal, officer or director of the Debtor. This class is made up of general unsecured claims in the approximate amount of **$1,852.87**. This class will be paid 100% of the allowed claims upon the sale 5164 Butler Street, Pittsburgh, PA 15201. In the event that this sale does not occur, the Debtor will pay the allowed general unsecured creditors 100% of the allowed claims over five (5) years. They will not receive interest on their claims after the commencement of the case.

## ARTICLE 4 - IMPAIRMENT

**THE FOLLING CLASSES ARE NOT IMPAIRED; THEY DO NOT VOTE UPON THIS PLAN:**

| | |
|---|---|
| **Class 1-** | **Unimpaired** |
| **Class 2-** | **Unimpaired** |
| **Class 3-** | **Unimpaired** |
| **Class 5-** | **Unimpaired** |
| **Class 7-** | **Unimpaired** |
| **Class 8-** | **Unimpaired** |
| **Class 9-** | **Unimpaired** |

**THE FOLLOWING CLASSES ARE IMPAIRED; THEY VOTE UPON THE PLAN:**

| | |
|---|---|
| **Class 4-** | **Impaired** |
| **Class 6-** | **Impaired** |
| **Class 10-** | **Impaired** |
| **Class 11-** | **Impaired** |
| **Class 12-** | **Impaired** |
| **Class 13-** | **Impaired** |
| **Class 14-** | **Impaired** |
| **Class 15-** | **Impaired** |

## ARTICLE 5 - MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1**     The Plan is to be implemented by the reorganized Debtor through the sale of real estate and from the income from his business. The Plan proponent in the Chapter 11 case will continue to operate his businesses. He will dedicate a sufficient portion of the sale of real estate to fund this Plan. In the event a sale does not occur, the Debtor will pay the class 14 unsecured creditors 100% over the next five (5) years in order to comply with 11 U.S.C. § 1129 (a) (15).

**5.2**     Litigation Necessary or Possible to Consummate Plan.

(A)  Objection to claim(s), if any.

(B)  Actions to determine secured status.

(C)  Chapter 5 actions, if any.

(D)  Action to enforce the Plan.

(E)  The post-confirmation Debtor shall be entitled to all defenses, rights and counterclaims against any creditor in establishing an allowed claim, arrearages, or any amount due.

**5.3**     Escrow of any Disputed Claim.

(A)     At the time of distribution under the Plan, the Debtor may pay into an escrow account any payment(s) for disputed creditors until such time as a final order allowing that claim is entered.

(B) The Debtor may escrow any payment to any creditor if there is a possible claim or setoff that may be asserted against that creditor.

12

**5.4**    <u>Miscellaneous</u>.

(A) The Chapter 11 Trustee shall have the exclusive right to negotiate with any administrative claimant, any secured creditor, or any disputed creditor, any insurance carrier or settle any dispute. The Trustee will need Court approval to discount or settle any claim(s).

(B) All causes of action, all avoiding powers, all chooses in action of any type, which were the property of the Debtor at the time of the commencement of this case shall remain the property of the Trustee under this Plan.

(C) The Trustee shall be entitled to compensation and reimbursement for costs as incurred as allowed by the Bankruptcy Code.

(D) The Trustee shall be the disbursing agent for funds received from the sale of real estate.

(E) In the event the sale of real estate is not sufficient to pay Class 12, 13 and 15 claims, those claims will be paid with annual distributions.

**ARTICLE 6 - PROVISIONS FOR CLAIMS AND EQUITY
SECURITY INTERESTS GENERALLY**

**6.1**    At the time the Confirmation Order becomes a Final Order, the Debtor and the reorganized Debtor shall have their relationships modified and superseded by the terms of the Plan, but if the Debtor have already entered into a Settlement Agreement with a creditor, that agreement is binding. The reorganized Debtor shall be deemed to have the benefits of Code Section 1141(c) and the Debtor shall be fully discharged and released following the completion of payments to Class 15 under this plan, in accordance with the Bankruptcy Code.

The reorganized Debtor shall be deemed to have the benefits of Code Section 1141(c) and the Debtor shall be fully discharged and released following the completion of payments to Class 14 under this plan, in accordance with the Bankruptcy Code.

**6.2**    In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the Debtors or the Creditor may, in their sole discretion, request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code, as soon as practicable after the confirmation date, **(a)** any disputed, contingent or unliquidated claim, the fixing or liquidation of which, as the case may be,

13

would unduly delay the administration of this Chapter 11 case, and **(b)** any right to payment arising from a right to an equitable remedy for breach of performance.

Any Disputed Creditor, who has not sought the right to vote an estimated amount prior to a hearing on the confirmation, shall not be entitled to vote upon this Plan of Reorganization.

**6.3**     **Post confirmation Injunction** All entities that hold a claim against the Debtor are enjoined from taking any actions on account of any such claims, debts of liabilities:

A. Commencing or continuing in any manner any action or other proceedings against the Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

B. Enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

C. Creating, perfecting or enforcing any lien or encumbrance Reorganized Debtors, Debtors' Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

**6.4**     **Effective Confirmation** The confirmation of this Plan shall revest the property of the estate into the reorganized Debtor.

## <u>ARTICLE 7 - TREATMENT UNDER THE PLAN</u><br><u>AND PROVISION FOR PAYMENT</u>

**7.1**     <u>**Class 1 - Administrative Claims**</u>.  The Class 1 **Administrative Claims**, to the extent they are an allowed priority claim, shall be paid their principal claim in full without interest on or before the distribution date by a cash payment to the holder of such a claim except as provided below or as otherwise agreed by each member of the class of persons in this class. Professional persons who are in Class 1 and whose claims have been finally approved and allowed by the Court pursuant to Code Section 330 or 503 shall be paid on the closing date. They shall be paid in full on the Plan effective date or in monthly installments in an amount that has been agreed to by the individual professional person with the Debtor.

**7.2**      **Class 2 – Executory Contracts.**  The Class 2 **Executory Contracts** with the residential tenants in the investment properties owned by the Debtor. The residential leases will be assumed by the Debtor under this Plan. Any obligation of the Debtor regarding security deposits will not be modified by the Plan.

**7.3**      **Class 3 – Select Portfolio Servicing, Inc.**  The Class 3 claim of **Select Portfolio Servicing, Inc.** as servicer for Wells Fargo Bank, N.A., as Trustee for the certificate holders of Asset-Backed- Pass-Through Certificates, Series 2005-WCW3 for the first mortgage that they hold on **3823 Mintwood St, Pittsburgh, Pennsylvania 15224**. It shall be paid in accordance with the original loan agreement between the Debtors and this class. This class filed a Proof of Claim that this loan was current and the Debtor has continued to make payments for each month during this Chapter 11 case. In the event that there are any arrears on this obligation, this class shall file an amended Proof of Claim listing the amount of the arrearage. The Debtor will cure any arrearage over sixty months with the arrearage payments beginning on the Plan Effective Date. Confirmation of this Plan shall be an adjudication that this loan is current, in the event that the Proof of Claim is not amended to show the arrearage on this account.

**7.4**      **Class 4 - Specialized Loan Servicing LLC as servicer for U.S. Bank National Association.**  The Class 4 claim of **Specialized Loan Servicing LLC as servicer for U.S. Bank National Association**, as Trustee for Terwin Mortgage Trust 2005-10HE, Asset-Backed Certificates, Series 2005-10HE will be modified under this plan. They hold a mortgage on **3825 Mintwood St, Pittsburgh, Pennsylvania 15224**. The Debtor believes that this class was owed $92,598.71 at the time of filing. The adequate protection payments of $644.25 will continue to this Class 4 lien until the Debtor refinances his loan with his current mortgage holder or another financial institution. Refinancing shall be completed within 9 months of confirmation of the plan.

**7.5**      **Class 5 – Erin P. Dyer, individually, Dyer Law Firm, P.C. and 6350 Waldron Street, LLC (the "Dyer Group").**  The Class 5 claims of **Erin P. Dyer, individually, Dyer Law Firm, P.C. and 6350 Waldron Street, LLC (the "Dyer Group")** have been satisfied pursuant to a Settlement Tem Sheet dated March 20, 2017 and approved by Order of Court with addition provision dated July 28, 2017 and closing on said settlement on September 7, 2017. The Dyer Group had claims and is the holder of a first mortgage on 4605 Carlton

Street, Pittsburgh PA 15201 and a Mortgage on 5164 Butler Street, Pittsburgh, PA 15201. No additional payments are to be made to Class 5 claims.

**7.6**     **Class 6 – Select Portfolio Servicing, Inc.**  The Class 6 claim of **Select Portfolio Servicing, Inc. as servicer for DLJ Mortgage Capital, Inc.** This claim will be modified by the Debtor's Plan as the Debtor will pay the lump sum of Five Thousand Dollars ($5,000.00) as satisfaction in full of this claim.  Class 6 claimants are the holder of a first mortgage on **357 Cool Springs Street, Uniontown, PA 15401**.

**7.7**     **Class 7 – OCWEN Loan Servicing.**  The Class 7 claim of **OCWEN Loan Servicing** has been satisfied and paid in full upon the closing of the sale of 5216 Natrona Way, Pittsburgh, PA  15201 on January 9, 2017. It was the holder of a first mortgage on 5216 Natrona Way, Pittsburgh, PA 15201. No additional payments are to be made to the Class 7 claim.

**7.8**     **Class 8 – OCWEN Loan Servicing.**  The Class 8 claim of **OCWEN Loan Servicing** has been satisfied and paid in full upon the closing of the sale of 3810 Howley Street, Pittsburgh, PA 15201 on January 13, 2017. It was the holder of a first mortgage on 3810 Howley Street, Pittsburgh, PA 15201.  No additional payments are to be made to the Class 8 claim.

**7.9**     **Class 9 - Jennifer Mariani**. The Class 9 claim of **Jennifer Mariani** has been satisfied and paid in full upon the closing of the sale of 4308 Main Street, Pittsburgh, PA 15224 on November 10, 2016. She was the holder of a land installment contract in the nature of a mortgage on 4308 Main Street, Pittsburgh, PA 15224.   No additional payments are to be made to the Class 9 claim.

**7.10**     **Class 10 – Mark Machi.**  The Class 10 claim of **Mark A. Machi** will be paid the sum of $16,000.00 calculated over 8 years at 3% post-confirmation fixed interest in equal monthly payments. When the property at 5164 Butler Street is sold, Mark A. Machi will be paid his remaining balance in lieu of continued monthly payments. This payment is pursuant to a Court approved Settlement Agreement on March 9, 2016

**7.11**     **Class 11 – City of Pittsburgh**.  The Class 11 claim of the City of Pittsburgh consists of a request for an In Rem Judgement Lien against 5164 Butler Street, Pittsburgh, PA to recover costs for the demolition of an office building on the property in the amount of $28,000.00 filed on June 4, 2008. In additional a complaint was filed for a judgment against the Debtor individually.  This claim is disputed as it appears no further action or orders

16

were entered after the filing.  To the extent any portion of the claim is determined to be valid it will be paid upon the sale of 5614 Butler Street.

**7.12**    **Class 12 – Secured & Priority Tax Claims.**  The Class 12 claims of Secured & Priority Tax Claims shall consist of the Secured and Priority Tax Claims. Pursuant to Bankruptcy Code Section 1129 (a) (9) (c), the Class 11 claims shall be paid in full; to the extent they are allowed secured and priority claims, they shall be paid 100% of its principal and interest.

The secured creditors will be paid over five (5) years with 6% post confirmation interest. The Debtor will make 60 equal payments to the taxing bodies. The first payment will be made on the plan effective date. The lien(s) of the taxing bodies will be retained until they have been paid in full. Notwithstanding the above provisions or the Confirmation of this Plan of Reorganization, The Debtor reserve their rights under section 505 of the bankruptcy Code to seek a determination of the validity, secured status or priority of any tax claim filed as a prepetition claim or as an administrative tax claim

**7.13**    **Class 13 – Real Estate Taxes.**  The Class 13 claims of Real Estate Tax claims  pursuant to Bankruptcy Code Section 1129 (a) (9) (c), the Class 9 claims shall be paid in full; to the extent they are allowed secured claims, they shall be paid 100% of its principal and interest.

The secured creditors will be paid over five (5) years with post confirmation interest. The Debtor will make 60 equal payments to the taxing bodies. The first payment will be made on the plan effective date. The lien(s) of the taxing bodies will be retained until they have been paid in full.

Notwithstanding the above provisions or the Confirmation of this Plan of Reorganization, The Debtors reserve their rights under section 505 of the bankruptcy Code to seek a determination of the validity, secured status or priority of any tax claim filed as a prepetition claim or as an administrative tax claim.

**7.14**    **Class 14 – Debtor's Exemption Rights.**  The Class 14 claims of the Debtor's Exemption Rights will be retained but Francis M. Machi, Jr. will defer any payment(s) for exemptions, which they may be entitled, to help fund this plan. In the event this case is converted or if the plan is not confirmed, the exemption rights of the Debtor will not be modified. The exemptions Francis M. Machi, Jr. claimed on Schedule C and any amended

17

Schedule C has been allowed under operation of law and the Bankruptcy Rules. All of the assets retained by the

Debtor are exempt.

**7.15** **Class 15 - General Unsecured Creditors**. The allowed General Unsecured Creditors of Francis

M. Machi, Jr. will be paid 100% over five (5) years following the Plan Effective Date. Payments shall be made on

an annual basis pro-rata to each creditor's claim. This class shall not be entitled to interest on their claims.

The Debtor shall escrow any funds due to a disputed claimant in Class 15 until their claim has been finally

adjudicated or approved by the Debtor. The Debtor may only offer discounted settlements from excess funds and

not from the required monthly payment.

All creditors must give notice of any default to the Debtor by written notice specifying the alleged default

and the action needed to cure the default. The Debtor shall have (30) thirty days to cure any default after receipt of

that notice. No creditor may enforce any right or enforce any lien until this notice and opportunity to cure have

been given. All notices of default must be mailed to the Debtors at their last known address. All notices under this

paragraph must be sent by certified mail, return receipt requested to be effective. The terms of these notice rights

must be strictly enforced as a condition precedent to any rights under this Plan.

## ARTICLE 8 - RETENTION OF JURISDICTION

**8.1** The Bankruptcy Court shall, after the confirmation date and until final consummation, be entitled

to exercise exclusive jurisdiction over the following matters:

(a) To consider any modification of this Plan pursuant to Section 1127 of the Code;

(b) To determine the allowance of all claims against the Debtor pursuant to Section 502 of the Code;

(c) To hear and determine any objections filed within thirty (30) days after confirmation date to the allowance of any claim;

(d) To hear and determine any adversary proceeding or contested matter, controversy, suit or dispute over which the Bankruptcy Court has jurisdiction under 28 U.S.C. Sections 157 and 1334;

(e) To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(f) To issue such orders as may be necessary for the administration and/or consummation of this Plan, including complaints to determine secured claims;

(g) To set and determine all professional fees and other costs of administration in this Chapter 11 case;

18

(h)      For such other purposes as may be set forth in the Confirmation Order; and

(i)      To enter such Orders as are necessary and appropriate under the Code.

## ARTICLE 9 - GENERAL PROVISIONS

**9.1**      <u>Amendments.</u> This Plan may be amended by the Plan Proponent at any time prior to the confirmation date, provided there is notice and an objection period provided to the Debtors' creditors and thereafter as provided in Section 1127 of the Code.

**9.2**      <u>Plan Controls.</u> In the event, and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of the Plan shall control.

**9.3**      <u>Headings.</u>  The headings included in this Plan are for the sake of convenience and reference only and shall not constitute part of this Plan for any other purpose.

**9.4**      <u>Interest.</u>  Except as specifically set forth in the Plan or in any Final Order of the Court entered during this Chapter 11 case, interest shall be deemed not to have accrued with respect to any claim since the filing date and no payment of interest will be made

**9.5**      This Plan contemplates that the case will be closed and a final decree entered as soon as all of the following have occurred:

(a)      All fee applications have been filed and approved. No fee application shall be allowed unless they have been filed prior to forty-five (45) days after the Order of Confirmation is entered;

(b)      All objections to claims and adversary actions are filed and resolved;

(c)      The Trustee has made all distributions under the Plan;

(d)      The Debtor has complied with the Post-Confirmation Order.

**9.6**      The rights of Class 14 to payments under this Plan by the Debtor will be an unsecured obligation of the reorganized Debtor.

## ARTICLE 10 – AMENDMENT

**10.1**      The Proponent of the Plan reserves the right to amend this Plan prior to confirmation. If there is a substantial event that alters the feasibility of this Plan or if the Plan fails to meet the requirements of 11 U.S.C. Section 1122 or if this Plan does not meet the requirements of 11 U.S.C. Section 1129, after a ballot of creditors.

19

**Respectfully Submitted,**

**Date:  September 11, 2017**               **By:**  /s/ Jeffrey J. Sikirica
                                            **Jeffrey J. Sikirica, Esquire, PA I.D. #36745**

                                            **Blumling & Gusky, LLP**
                                            **436 7th Avenue**
                                            **1200 Koppers Building**
                                            **Pittsburgh, PA 15219**
                                            **(412) 227-2581 office**
                                            **(412) 227-2050 fax**
                                            **jsikrica@bglaw-llp.com**

20