IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Bankruptcy No.: 14-23154-CMB |
| FRANCIS M. MACHI, JR., a/k/a FRANK | ) |
| M. MACHI, JR., | ) Chapter 11 |
| | ) |
| Debtor. | ) Related to Document No. 585 |
| | ) |
| | ) Hearing Date and Time: |
| COUNTY OF ALLEGHENY AND CITY | ) January 30, 2018 @ 2:30 P.M. |
| AND SCHOOL DISTRICT OF | ) |
| PITTSBURGH, | ) |
| | ) |
| Movants, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANCIS M. MACHI, JR., a/k/a FRANK | ) |
| M. MACHI, JR., | ) |
| | ) |
| Respondent. | ) |

**STIPULATION BETWEEN COUNTY OF ALLEGHENY AND CITY AND
SCHOOL DISTRICT OF PITTSBURGH REGARDING THE APPROVAL
OF DEBTOR'S CHAPTER 11 PLAN DATED SEPTEMBER 11, 2017**

AND NOW, come Chapter 11 Trustee, Jeffrey J. Sikirica, Esquire, and Movants, County of Allegheny and City and School District of Pittsburgh, by and through their undersigned counsel, and file this Stipulation of which the parties agree as follows:

1. On August 7, 2014, Francis M. Machi, Jr. ("Debtor") filed a Chapter 13 bankruptcy case at the above-captioned bankruptcy number. On June 13, 2016, the within bankruptcy case was converted to a Chapter 11 bankruptcy case. Thereafter, on June 30, 2016, Jeffrey J. Sikirica, Esquire, was appointed Chapter 11 Trustee ("Trustee").

2. Debtor is the owner of the following parcels of real estate situate within the County of Allegheny, Commonwealth of Pennsylvania: (a) Block and Lot 80-C-84 and further known as 5164 Butler Street, Pittsburgh, PA; (b) Block and Lot 51-A-154 and further known as 4735 Liberty Avenue, Pittsburgh,

54802-1012\1787007.1

PA; and (c) Block and Lot 49-J-181 and further known as Colbat Street, Pittsburgh, PA (collectively the "Properties").

3. The County of Allegheny ("County") and City and School District of Pittsburgh ("City and School District of Pittsburgh") are secured creditors in the within bankruptcy case by virtue of delinquent real estate taxes owed for the Properties. The County and City and School District of Pittsburgh shall be collectively referred to as the "taxing bodies."

4. Each of the taxing bodies filed secured proofs of claim for pre-petition real estate taxes owed by the Debtor for the Properties. The taxing bodies are also owed real estate taxes for the post-petition tax years of 2015-2016. All of the aforementioned delinquent real estate taxes shall be paid in full as set forth below in this Stipulation.

5. On September 11, 2017, the Trustee filed his Disclosure Statement and Plan dated September 11, 2017 (the "Disclosure Statement" and the "Plan").

6. The Trustee and taxing bodies have agreed to amend and revise the Plan as follows:

a) The Secured Class 13 pre-petition real estate tax claims (tax years 2013-2014) and Secured Class 1 post-petition administrative real estate tax claim (tax years 2015-2016) of the County are Allowed Claims that are undisputed, uncontested statutory liens secured against the Properties, are not Disputed Claims, are Secured Claims, and shall remain secured liens against the Properties until paid in full. The Secured Class 13 Claim and Secured Class 1 Claim of the County shall be paid by Debtor in monthly installments of $139.00 for that period of time necessary to pay said real estate taxes in full with the first payment being due on the Effective Date of the Plan and each subsequent monthly payment being due on or before the first day of each month thereafter until these Secured Class 13 Claims and Secured Class 1 Claims are paid in full, including all applicable penalties, costs, expenses, attorney fees and statutory interest of twelve percent (12%) per year, all of which shall continue to accrue until said real estate taxes are paid in full. As Allowed Claims that are not Disputed Claims and are Secured Claims, the Debtor waives any rights under Section 505 of the Bankruptcy Code to seek a determination of the validity, secured status, or priority of the County's pre-petition or post-petition tax claims.

b)  The Secured Class 13 pre-petition real estate tax claim (tax years 2013-2014) and Secured Class 1 post-petition administrative real estate tax claim (tax years 2015-2016) of the City & School District of Pittsburgh are Allowed Claims that are undisputed, uncontested statutory liens secured against the Properties are not Disputed Claims, are Secured Claims, and shall remain secured liens against the Properties until paid in full. The Secured Class 13 Claim and Secured Class 1 Claim of the City & School District of Pittsburgh shall be paid by Debtor in monthly installments of $396.00 for that period of time necessary to pay said real estate taxes in full with the first payment being due on the Effective Date of the Plan and each subsequent payment being due on or before the last day of each month thereafter until these Secured Class 13 Claims and Secured Class 1 Claims are paid in full, including all applicable penalties, costs, expenses, attorney fees and statutory interest of ten percent (10%) per year, all of which shall continue to accrue until said real estate taxes are paid in full. As Allowed Claims that are not Disputed Claims and are Secured Claims, the Debtor waives any rights under Section 505 of the Bankruptcy Code to seek a determination of the validity, secured status, or priority of the City and School District's pre-petition or post-petition tax claims.

c)  Section 5.4(E) of the Plan shall be revised as follows: "In the event the sale of real estate is not sufficient to pay Class 12 and Class 15 claims, those claims will be paid with annual distributions."

d)  The taxing bodies may apply any installment payment received as each, in their respective sole discretion, may determine, including, but not limited to applying any such installment payment against any property or tax year for which real estate taxes are owed.

e)  If any balance for any of the taxing bodies' respective real estate taxes remain due and owing at the time of closing for any sale, conveyance or any other transfer of the Properties, then all unpaid real estate taxes (whether pre-petition or post-petition) shall be paid in full at such closing or upon such conveyance or transfer. Debtor shall not receive any proceeds from any sale, conveyance or transfer of the Properties until all real estate taxes of the taxing bodies are paid in full.

3

54802-1012\1787007.1

f) In the event that the Trustee and/or Debtor fail to make any of the payments due to the taxing bodies as set forth in this Stipulation, then the County and/or City & School District of Pittsburgh, as applicable, may pursue collection of the outstanding balance due utilizing their respective legal and state statutory remedies without regard to any other provision to the contrary in the Plan. Provided further, notwithstanding any other provision as may be required under the Plan, the County and/or City & School District of Pittsburgh (1) shall not be required to provide any additional notice in any form to the Trustee, Debtor or Debtor's counsel before utilizing any of their respective legal and state statutory remedies, but instead shall only be required to provide that notice required under applicable state law; and (2) shall be permitted to create or perfect any lien or encumbrance against the Properties for any unpaid, delinquent real estate taxes in accordance with applicable state law.

g) No tax liability of any of the taxing bodies accruing prior to confirmation of the plan is discharged until paid in full.

h) Any tax, penalty, costs, expense, attorneys fees and interest not encompassed within this Stipulation that is subsequently determined to be owing shall be paid by an increase in the specified monthly payments and no administrative tax liability shall be deemed discharged until paid in full.

i) Until such time as all obligations due pursuant to this Stipulation are paid in full, the taxing bodies, in their sole respective discretion, may administratively apply any tax credit or refunds otherwise owed to the Debtor to any outstanding indebtedness.

7. In the event of a conflict between the Plan and this Stipulation, the terms of this Stipulation shall control. Any capitalized terms not defined in this Stipulation shall have the meanings set forth in the Plan.

8. Upon the entry and approval of this Stipulation, the County and City & School District of Pittsburgh agree to vote in favor of the Trustee's Plan.

9. The parties agree that a signature transmitted electronically or by facsimile shall be accorded the same force and effect as an original signature and may be submitted to the Court. Regardless

4

54802-1012\1787007.1

of any provision in the Plan to the contrary, no failure to exercise, and no delay in exercising, on the part of any party to this Stipulation, any privilege, any power or any rights each party has will operate as a waiver thereof, nor will any single or partial exercise of any such right or power preclude further exercise of any other right hereunder. Any waivers or amendments to this Stipulation shall be effective only if made in writing, and signed by all the parties or their respective counsel.

APPROVED BY:

By: /s/ Jeffrey R. Hunt
Jeffrey R. Hunt, Esquire
Pa. I.D. 90342
Goehring, Rutter & Boehm
Frick Building, 14th Floor
437 Grant Street
Pittsburgh, PA 15219
(412) 281-0587
jhunt@grblaw.com
*Counsel for County of Allegheny and City & School District of Pittsburgh*

By: /s/ Jeffrey J. Sikirica
Jeffrey J. Sikirica, Esquire
Pa. I.D. 36745
Blumling & Gusky, LLP
436 Seventh Avenue
1200 Koppers Building
Pittsburgh, PA 15219
*Chapter 11 Trustee*

THIS STIPULATION IS APPROVED THIS 30th DAY OF January, 2018.

BY THE COURT:

FILED
1/31/18 11:14 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

_____
JUDGE CARLOTTA M. BÖHM
UNITED STATES BANKRUPTCY JUDGE

*(Signature page for Stipulation for Francis M. Machi, Jr., Case No. 14-23154-CMB)*

5

54802-1012\1787007.1

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                         Case No. 14-23154-CMB
Francis M. Machi, Jr.                                          Chapter 11
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: dric                   Page 1 of 2              Date Rcvd: Jan 31, 2018
                              Form ID: pdf900              Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 02, 2018.
db             +Francis M. Machi, Jr.,    3823 Mintwood Street,    Pittsburgh, PA 15201-1221

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2018                                Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 31, 2018 at the address(es) listed below:
              David Z. Valencik    on behalf of Attorney    Calaiaro Valencik dvalencik@c-vlaw.com,
               cvlaw.ecf.dvalencik@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com
              Donald R. Calaiaro    on behalf of Attorney    Calaiaro Valencik dcalaiaro@c-vlaw.com,
               cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com
              Elizabeth Lamont Wassall    on behalf of Creditor    Ocwen Loan Servicing, LLC as servicer for
               vbarber@udren.com
              Erin P. Dyer    on behalf of Creditor    Dyer Law Firm, P.C. erindyer@wvlegalcounsel.com
              James  Warmbrodt     on behalf of Creditor    DLJ Mortgage Capital, Inc. bkgroup@kmllawgroup.com
              James  Warmbrodt     on behalf of Creditor    U.S. Bank National Association, as Trustee for Terwin
               Mortgage Trust 2005-10HE, Asset-Backed Certificates, Series 2005-10HE bkgroup@kmllawgroup.com
              James  Warmbrodt     on behalf of Creditor    U.S. Bank National Association Et Al...
               bkgroup@kmllawgroup.com
              James A. Prostko    on behalf of Creditor    OCWEN LOAN SERVICING, LLC AS SERVICER FOR WELLS FARGO
               BANK, N.A., AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004 PARK
               PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH C pawb@fedphe.com,
               james.prostko@phelanhallinan.com
              James A. Prostko    on behalf of Creditor    Wells Fargo Bank, N.A., as Trustee, et al...
               pawb@fedphe.com,   james.prostko@phelanhallinan.com
              James A. Prostko    on behalf of Creditor    Wells Fargo Bank, N.A., as Trustee , for the
               certificate holders of Asset-Backed Pass-Through Certificates, Series 2005-WCW3 pawb@fedphe.com,
               james.prostko@phelanhallinan.com
              Jeffrey J. Sikirica    trusteesikirica@zoominternet.net,    PA59@ecfcbis.com
              Jeffrey J. Sikirica    on behalf of Trustee Jeffrey J. Sikirica trusteesikirica@consolidated.net,
               PA59@ecfcbis.com
              Jeffrey R. Hunt    on behalf of Creditor    Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
               cnoroski@grblaw.com
              Jeffrey R. Hunt    on behalf of Creditor    City and School District of Pittsburgh jhunt@grblaw.com,
               cnoroski@grblaw.com
              Jeffrey R. Hunt    on behalf of Creditor    Allegheny County jhunt@grblaw.com,   cnoroski@grblaw.com
              Jill  Manuel-Coughlin    on behalf of Creditor    U.S. Bank National Association Et Al...
               jill@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
              Joseph P. Schalk    on behalf of Creditor    Wells Fargo Bank, N.A., et. al. jschalk@barley.com,
               sromig@barley.com
              Joseph S. Sisca,    on Behalf of the United States Trustee by    on behalf of U.S. Trustee    Office
               of the United States Trustee joseph.s.sisca@usdoj.gov
              Lois M. Vitti    on behalf of Creditor    Dyer Law Firm, P.C. nicole@vittilaw.com,
               loismvitti@vittilaw.com
              Lois M. Vitti    on behalf of Other Prof.    6350 Waldron Street, LLC nicole@vittilaw.com,
               loismvitti@vittilaw.com

```
District/off: 0315-2           User: dric                  Page 2 of 2                   Date Rcvd: Jan 31, 2018
                               Form ID: pdf900             Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Matthew Christian Waldt    on behalf of Creditor    Wells Fargo Bank, N.A., as Trustee , for the certificate holders of Asset-Backed Pass-Through Certificates, Series 2005-WCW3 mwaldt@milsteadlaw.com,   bkecf@milsteadlaw.com
          Norman E. Gilkey    on behalf of Mediator Norman  Gilkey ngilkey@bccz.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
          Ronald B. Roteman    on behalf of Creditor Jennifer  Mariani rroteman@stonecipherlaw.com, ykocher@stonecipherlaw.com
          S. James Wallace    on behalf of Creditor    Equitable Gas Bankruptcy Department sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
          Sherri J. Braunstein    on behalf of Creditor    Ocwen Loan Servicing, LLC as servicer for U.S. Bank N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-SC1 pawb@fedphe.com, sherri.braunstein@phelanhallinan.com
          Sherri J. Braunstein    on behalf of Creditor    U.S. Bank N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-SC1 pawb@fedphe.com,   sherri.braunstein@phelanhallinan.com
          Stuart P. Winneg    on behalf of Creditor    U.S. Bank N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-SC1 swinneg@udren.com,   cblack@udren.com

                                                                                                                      TOTAL: 29